IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Antonio J. Saunders, )
    Petitioner, )
     )
v. ) 1:10cv171 (LMB/JFA)
     )
Warden Pruett, )
    Respondent. )

## MEMORANDUM OPINION

Antonio J. Saunders, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Newport News, Virginia. By Order dated November 22, 2010, petitioner's Motion to Amend his petition was granted, and respondent was directed to file a response to the amended petition within thirty (30) days of the date of that Order. Respondent filed a response on December 20, 2010. Saunders was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on February 1, 2011. For the reasons that follow, Saunders's claims must be dismissed.

### I. Background

On September 13, 2007 a jury in the Circuit Court for the City of Newport News, Virginia convicted Saunders of burglary and petty larceny. Commonwealth v. Saunders, Case Nos. CR07060759-00, CR07060760-00. The court sentenced him to five years for burglary and twelve months for petty larceny, to be served consecutively. Saunders pursued a direct appeal to the Court of Appeals of Virginia arguing that (1) he had been denied his right to a speedy trial under Virginia Code § 19.2-243 and the U.S. Constitution, (2) there was insufficient evidence to support his convictions, and (3) his right to a fair trial was violated when the trial judge refused

1

to grant a mistrial after a potential juror improperly implied that Saunders was a Jehovah's Witness. The Court of Appeals denied the petition for appeal on December 15, 2008. Saunders v. Commonwealth, R. No. 0537-08-1 (Va. Ct. App. Dec. 15, 2008). On June 15, 2009, the Supreme Court of Virginia refused Saunders's petition for appeal. Saunders v. Commonwealth, R. No. 082472 (Va. June 15, 2009).

Saunders then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising twenty arguments for relief. Of those, the Court recognized the following as legally valid claims:

> (A) The trial court violated his constitutional rights when it denied his motion to suppress allegedly fabricated evidence.
>
> (B) Assistant Commonwealth's Attorney Scott M. Ehrenworth and the trial judge violated Saunders's constitutional rights by not allowing him to face his accuser. Additionally, Ehrenworth concealed the false nature of the evidence presented to the jury, and there was "newly discovered evidence" that contradicted the police officer's trial testimony.
>
> (C) Trial counsel and appellate counsel were ineffective by failing to get the records of all pre-trial proceedings to demonstrate that Saunders's right to a speedy trial was violated and Rule 1:13 was violated on March 6, 2007. Furthermore, Saunders had no legal representation on March 6, 2007 and was never given notice of a continuance.
>
> (D) Trial counsel was ineffective by failing to cross-examine all of the Commonwealth's witnesses about the "fabricated criminal complaint report" and failed to object when "the Commonwealth alluded calling the writer of the sworn criminal complaint report, who signed it as the complainant." The trial court also "infringed" upon Saunders's rights to question the complainant and stated that Saunders could not impeach the witness.
>
> (E) The trial court fraudulently obtained its jurisdiction and deprived Saunders of his constitutional rights. The trial judge and prosecutor breached their oaths of office and

turned the trial into a "debt collection Admiralty Court." Furthermore, Saunders "possessed freehold by inheritance status and stands squarely affirmed and bound to the Moorish Holy Temple," and he honors the constitution for "the United States Republic of North America." Venue was improper because Saunders is an "Aboriginal, Indigenous Moorish inhabitant of the territory." Therefore, no jurisdiction existed because there were no provisions "to address foreign relations and intercourse in a consular court as prescribed by law."

(F) Trial counsel was ineffective by failing to object to Saunders's petty larceny conviction when his petty larceny charge had been "dismissed" at the preliminary hearing and Saunders was not thereafter indicted for petty larceny. Thus, his constitutional rights were violated when he was convicted of a charge for which he was not indicted.

(G) Mr. Ehrenworth violated Saunders's constitutional right to face his accuser, Officer J. Harriston, who signed the criminal complaint report as the complainant.

(H) Mr. Ehrenworth and the trial judge violated Saunders's due process rights.

(I) Mr. Ehrenworth and the trial judge subjected Saunders into "involuntary servitude along with the clerks, and Judges, did such actions not involve collusion & conspiracy to injure & violate the rights, title & interest of the petitioner."

(J) Saunders's appointed attorneys "represented & defended the petitioner in his private capacity with nexus to common law unalienable rights as associated to the original jurisdiction."

See Va. Sup. Ct. Op., Jan. 22, 2010, ECF No. 24-13.[1] The Supreme Court of Virginia dismissed the petition on January 22, 2010. Saunders v.Warden, Greensville Corr., Case No. 091573 (Va. Jan. 22, 2010).

On February 17, 2010, Saunders filed the instant federal habeas petition.[1] Petitioner filed a Motion to Amend his petition on May 5, 2010 and was given thirty days to submit a proposed

---

[1] The arguments that the Supreme Court of Virginia did not entertain were nonsensical and/or irrelevant assertions such as petitioner's claim to have been a signatory to the U.S. Constitution.

amended petition to the Court by Order dated May 17, 2010. Because it appeared that petitioner had failed to submit a proposed amended petition within the time allotted to him, petitioner's Motion to Amend was denied on July 19, 2010. Petitioner appealed that denial. In a Notice dated September 1, 2010, this Court informed the petitioner that his timely proposed amended petition had been received in the clerk's office on June 16, 2010 but had not been docketed due to clerical error, and that jurisdiction would return to this Court if he voluntarily dismissed his appeal. Petitioner did so, and by Order dated November 22, 2010, petitioner's Motion to Amend his petition was granted, petitioner was instructed that his amended petition would serve as the sole petition in this action, and respondent was directed to file a response to the amended petition within thirty (30) days of the date of that Order. In the amended petition, Saunders raises the following claims:[2]

> (1) The trial court violated petitioner's right to a speedy trial through the order dated March 6, 2007.
>
> (2) The trial judge and the prosecutor denied petitioner his right to confront his accuser.
>
> (3) Appellate counsel was ineffective by (a) failing to argue that petitioner's rights were violated through the March 6, 2007 order and subsequent mental health hearing, (b) failing to address the confrontation issue on appeal, and (c) failing to argue that trial counsel was ineffective for failing to object to the confrontation issue at trial, (d) refusing to argue the issues that petitioner had preserved in his post-conviction motions on appeal, (e) refusing to

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, Saunders states that he placed the petition in the prison mailing system on February 17, 2010. The Court received the petition on February 19, 2010.

[2] Because petitioner was expressly instructed that his amended petition would serve as the sole petition in this action in the November 22 Order, the claims that were raised in his initial petition but not addressed the amended petition are waived.

4

argue that trial counsel was ineffective for failing to cross-examine the complainant.

(4) Trial counsel was ineffective for (a) failing to protect Saunders's confrontation rights, (b) failing to cross-examine the Commonwealth's witness regarding the criminal complaint report, (c) failing to cross-examine the complainant, Officer J. Hairston, thus depriving petitioner of his right to confront his accuser.

(5) The Circuit Court for the City of Newport News lacked jurisdiction to convict petitioner, and the Virginia Supreme Court failed to address the jurisdictional claims in petitioner's state habeas petition.

(6) Trial judge acted without jurisdiction by sentencing petitioner to three years of probation, which was not part of the jury's verdict.

(7) Evidence that was obtained after trial demonstrates that Officer Jose Hernandez-Zamora committed perjury at trial.

Respondent filed a response on December 20, 2010. Saunders was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on February 1, 2011.

## II. Exhaustion and Procedural Default

A. Exhaustion

Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the claims to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must first have presented the same

5

factual and legal claims raised in his federal action to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Saunders has failed to exhaust claims (3)(b)-(e) and claim (6) because he did not present them to the Supreme Court of Virginia in his direct appeal or his state habeas petition. These claims are now incapable of exhaustion because they are barred by the prohibition against successive state habeas petitions. See Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). Federal review of claims (3)(b)-(e) and (6) thus is precluded. See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

After respondent raised the issue of exhaustion in his Motion to Dimiss, Saunders was given an opportunity to file a reply. Cf. Harris v. Reed, 489 U.S. 225, 260 (1989). In his reply, Saunders argued only that he raised claim (3)(a) in his state habeas petition and did not address his failure to exhaust claims (3)(b)-(e) and claim (6) or prejudice resulting therefrom. See Reply 2-3, 8, ECF No. 37. Upon review of the record, it is clear that Saunders exhausted claim (3)(a) in his state habeas petition, but failed to exhaust claims (3)(b)-(e) and claim (6). See Va. Ct. App. Op., Aug. 14, 2008, at 3; Va. Sup. Ct. Op., Jan. 22, 2010, at 2-3, ECF No. 24-13. Therefore, claims (3)(b)-(e) and claim (6) will be dismissed as procedurally barred.

B. Procedural Default

Claims (2) and (7) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny

petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed claims (2) and (7) as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Va. Sup. Ct. Op., Jan. 22, 2010, at 2-3, ECF No. 24-13. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). After respondent raised the issue of procedural default, see Brief in Support 9, ECF No. 24, petitioner failed to show cause and prejudice or a fundamental miscarriage of justice. See generally Reply, ECF No. 37. Therefore, claims (2) and (7) will be dismissed as procedurally defaulted.

Because Saunders exhausted remaining claims (1), (3)(a), (4)(a)-(c), and (5) as required under 28 U.S.C. § 2254, they will be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

#### A. Claim (1): Right to a Speedy Trial

Saunders argues that his constitutional right to a speedy trial was violated by the trial court's order dated March 6, 2007, which appointed an evaluator to determine Saunders's capacity at the time of the offense. The Court of Appeals of Virginia rejected this claim on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Specifically, the Court of Appeals dismissed the claim as failing to satisfy the standard for a violation of the constitutional right to a speedy trial as articulated in Barker v. Wingo, 407 U.S. 514, 530 (1972). See Va. Ct. App. Op., Aug. 14, 2008, at 3. In reviewing the state court's decision as to claim (1), Saunders fails to show that the result was either contrary to, or an

unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

To determine whether a defendant's constitutional right to a speedy trial has been violated, courts must use a balancing test that weighs the conduct of the prosecution and the defendant by considering at least the following four factors: (i) length of delay, (ii) the reason for the delay, (iii) the defendant's assertion of his right, and (iv) prejudice to the defendant. See Barker, 407 U.S. at 530. As recognized by the Court of Appeals in rejecting Saunders's claim on direct appeal, "the length of the delay is to some extent a triggering mechanism [such that u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id.; Va. Ct. App. Op., Aug. 14, 2008, at 3.

Saunders has failed to demonstrate that the Court of Appeals' conclusion was "contrary to" clearly established federal law. In fact, the court explicitly relied on Barker to evaluate Saunders's claims, so its conclusion as to the relevant question of law was perfectly aligned with clearly established federal law. See Williams, 529 U.S. at 413.

Saunders has also failed to demonstrate that the Court of Appeals' holding was an "unreasonable application" of clearly established federal law because it is evident that the court both correctly identified and reasonably applied the correct governing legal principle from Barker to the facts of his case. See Williams, 529 U.S. at 413. The Court of Appeals noted that 236 days passed between the date of Saunders's preliminary hearing and the date of his trial, but that 130 of those days passed either while Saunders's competency to stand trial was being evaluated or while Saunders was committed to treatment to restore his competency. See Va. Ct. App. Op., Aug. 14, 2008, at 2-3. The court therefore concluded that Saunders suffered no delay that was presumptively prejudicial, and also observed that Saunders demonstrated no actual

prejudice from the delay. Id. at 4. Accordingly, the court correctly concluded that this claim was without merit under the Barker standard. See id. at 3-4 (citing Barker, 407 U.S. 530).

Finally, Saunders has not provided clear and convincing evidence that the Court of Appeals' factual findings were unsound. See Miller-El, 545 U.S. at 240. Saunders does not contest the calculation of the time that passed between his preliminary hearing and his trial. Rather, he argues that the decision to delay his trial for competency hearings violated his rights, arguing that he did not have an attorney at the time and arguing that the court was thus acting ultra vires when it entered the March 6, 2007 order. See Am. Pet. 10-11, ECF No. 14. These arguments—even if they were meritorious[3]—would not alter the fact that Saunders suffered no delay that was presumptively prejudicial and Saunders has not demonstrated actual prejudice from the delay. See Ricon v. Garrison, 517 F.2d 628, 632 (4th Cir. 1975) ("[W]here the delay results from a concern by the trial court over the mental competency of the defendant to stand trial, the courts have been exceedingly reluctant to find constitutional infirmity even in very long delays.") (citation omitted).

Because Saunders has therefore failed to demonstrate that the Court of Appeals of Virginia's conclusion was contrary to, or an unreasonable application of, clearly established federal law, his claim that his constitutional right to a speedy trial was violated fails. Accordingly, this claim will be dismissed.

---

[3] The record reflects that Saunders's attorney was allowed to withdraw on February 22, 2007 because Saunders wanted time to retain his own counsel. See Pet. for App. 20, ECF No. 24-10. Saunders was found competent to represent himself, and was proceeding pro se until the jury trial began. See Cir. Ct. Newport News Tr., Feb. 8, 2008, at 6-8.

B. Claim (3)(a): Ineffective Assistance of Appellate Counsel

Saunders next argues that appellate counsel provided ineffective assistance by failing to argue that Saunders's rights were violated by the March 6, 2007 order and subsequent mental health hearing. Saunders raised this claim in his state habeas petition, and the Supreme Court of Virginia rejected it on the merits as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Va. Sup. Ct., Jan. 22, 2010, at 2-3, ECF No. 24-13. Saunders fails to show that result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient

11

to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In rejecting the same claim Saunders makes here, the Supreme Court of Virginia first discussed the requirements of Strickland, and then found the claim to be without merit. Specifically, the Court explained that "[t]he record, including the trial transcripts, demonstrates that petitioner represented himself when he argued his speedy trial motion, and that appellate counsel raised petitioner's speedy trial claim on appeal, and the Court of Appeals of Virginia addressed the merits of this claim in its order denying petitioner's petition for appeal." See Va. Sup. Ct. Op., Jan. 22, 2010, at 3, ECF No. 24-13. Therefore, the court concluded that Saunders failed to demonstrate that appellate counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Id.

The Supreme Court of Virginia thus correctly identified the standard for ineffective assistance of counsel from Strickland, so Saunders has failed to show that its decision was "contrary to" clearly established federal law. See Williams, 529 U.S. at 413. Furthermore, the Supreme Court of Virginia reasonably applied the Strickland standard to the facts of Saunders's

case in finding both that appellate counsel's performance was not deficient because counsel did, in fact, pursue Saunders's speedy trial claim on appeal, see Pet. For App. 14-34, ECF No. 24-10, and that Saunders had failed to demonstrate that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Therefore, Saunders also fails to demonstrate that the Supreme Court of Virginia's decision was an unreasonable application of clearly established federal law. See Williams, 529 U.S. at 413.

Finally, Saunders has not provided clear and convincing evidence to rebut the presumption that the Supreme Court of Virginia's factual findings were sound. In particular, Saunders has not made any arguments that show that appellate counsel failed to pursue his speedy trial claim on appeal. Therefore, he has also failed to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts. See Miller-El, 545 U.S. at 240. Accordingly, this claim will be dismissed.

C. Claim (4): Ineffective Assistance of Trial Counsel

Saunders also argues that he was provided ineffective assistance of counsel at trial. The Supreme Court of Virginia rejected this claim on the merits on the ground that Saunders failed to satisfy the standard articulated in Strickland, 466 U.S. at 668. See Va. Sup. Ct., Jan. 22, 2010, at 2, 4, ECF No. 24-13. Here, Saunders fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

Saunders claims that trial counsel was ineffective because he (a) failed to protect Saunders's confrontation rights, (b) failed to cross-examine the Commonwealth's witness regarding the criminal complaint report, and (c) failed to cross-examine the complainant, Officer J. Hairston, which thus deprived Saunders of his right to confront his accuser. The Supreme

13

Court of Virginia applied the Strickland standard and found these claims to be without merit. Saunders has failed to show that this decision was "contrary to" clearly established federal law because the Court again correctly identified the standard for ineffective assistance of counsel from Strickland.

The Supreme Court of Virginia also reasonably applied the Strickland standard to the facts of Saunders's case by reasoning that Saunders had failed to satisfy either the performance or the prejudice prong because he "fail[ed] to articulate what the 'fabrications' in the criminal complaint are and what cross-examination of the Commonwealth's witnesses would have shown," and also "fail[ed] to articulate how trial counsel's alleged refusal to object...contradicted petitioner's defense." See Va. Sup. Ct. Op., Jan. 22, 2010, at 4, ECF No. 24-13. Clearly, the Supreme Court's conclusion that trial counsel's performance was not deficient and that Saunders had failed to demonstrate that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different was a reasonable application of Strickland. See Williams, 529 U.S. at 413.

Finally, Saunders has not provided clear and convincing evidence to rebut the presumption that the Supreme Court of Virginia's factual findings were sound. In particular, Saunders has not shown that he explained what fabrications were in the criminal complaint and what cross-examination of the Commonwealth's witnesses would have shown in his state habeas petition. Therefore, he has also failed to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts. See Miller-El, 545 U.S. at 240. His claim that trial counsel was ineffective fails, and this claim will be dismissed.

D. Claim (5): Jurisdiction of the Circuit Court for the City of Newport News, Virginia

Saunders argues that the Circuit Court for the City of Newport news, Virginia lacked jurisdiction to convict him. See Am. Pet. 10, ECF No. 14. Petitioner's argument in this regard is difficult to decipher, but it involves his belief that he is a "Free Moorish Aboriginal" and thus may not be prosecuted in a state court. See id. at 4-5. The Supreme Court of Virginia rejected this claim on the merits. See Va. Sup. Ct., Jan. 22, 2010, at 5, ECF No. 24-13. Saunders fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

When addressing this claim, the Supreme Court of Virginia stated that "[t]he record, including the trial transcripts, demonstrates that the trial court had jurisdiction over petitioner's criminal trial." See Va. Sup. Ct., Jan. 22, 2010, at 5, ECF No. 24-13. This conclusion was patently based on a reasonable application of clearly established federal law, and Saunders has not provided any evidence—let alone clear and convincing evidence—to rebut the presumption that the Supreme Court of Virginia's determination was a reasonable determination of the facts. Accordingly, this claim will be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 7th day of March 2011.

/s/ 
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia